**IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON**

| | |
|---|---|
| DAVID FEGEL,<br><br>    Respondent,<br>  v.<br><br>SARAH KESSLER,<br><br>    Appellant. | No. 79843-0-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

LEACH, J. — On December 31, 2018, the trial court entered an order and findings stating that it would file a 20-year protection order and permanent restraining order to protect Sarah Kessler and two minor children from David Fegel. The court did not file a protection order, but filed a 20-year restraining order rather than a permanent order. Kessler asked the trial court to reconsider its failure to follow its December order. Kessler appeals the denial of her request.[1] Fegel appeals the trial court's December 31st decisions. A commissioner of this court consolidated Kessler and Fegel's appeals. We remand for the trial court to modify the protection and restraining orders consistent with its findings. Because Fegel has abandoned his appeal, we dismiss it.

---

[1] We note that Fegel did not respond to Kessler's appeal.

Citations and pincites are based on the Westlaw online version of the cited material.

BACKGROUND

Since 2015, David Fegel and Sarah Kessler both filed petitions to modify parenting plans, protection orders, and restraining orders impacting their three children. Now, only two of their children remain minors.

After a five-day trial, on December 31, 2018, the trial court issued its "final order and findings on petition to change a parenting plan." The order protects Kessler and the two minor children from Fegel. The order states that the trial court approves and will file separately a parenting plan, order on renewal of order for protection, restraining order, and order to surrender weapons.

In its amended findings, the trial court determined the protection order should be extended by 20 years because "Fegel failed to demonstrate that he is unlikely to resume acts of domestic violence if the protection order is not renewed." It also determined:

a. The protection order should be modified as requested by Sarah Kessler. RCW 26.50.130(5).

   i. The fact that the mother is the petitioner/protected party and the father is the respondent/restrained party should be clarified.
   ii. The new parenting plan controls with regard to the father's contact with the children.

The trial court did not file a renewal of the protection order or modify the protection order.

Also, the trial court found "good cause to enter a permanent restraining order" to protect Kessler from Fegel. The trial court explained "Fegel represents a credible threat to the physical safety" to Kessler, and that Fegel was an intimate

partner to Kessler as parents of common children. But, the trial court issued a final restraining order that expires on January 1, 2039.

On January 18, 2019, Kessler asked the court to reconsider its actions and enter a renewal of the protection order, modify the protection order, and provide a permanent restraining order. In response, Fegel conceded, "the Court's findings are clear that the protection order should be a 20-year protection order and that the restraining order should be a permanent restraining order." On March 5, 2019, the trial court denied Kessler's motion for reconsideration without explanation.

Kessler appeals the trial court's denial of her motion for reconsideration. Fegel cross-appealed but has since withdrawn the request. Fegel appeals the December 31st decisions. A commissioner of this court ordered the two appeals consolidated.

ANALYSIS

Protection Order

Kessler asserts the trial court failed to issue a 20-year protection order required under RCW 25.50.060(3) and failed to modify the protection order after it found that modifications were appropriate. In response to Kessler's request for reconsideration, Fegel conceded, "the Court's findings are clear that the protection order should be a 20-year protection order." Fegel has not filed a response to Kessler's appeal.

"Whether to grant, modify, renew, or terminate a protection order is a matter of judicial discretion."[2] Under RCW 26.50.060(7), if the trial court "declines to issue

---

[2] In re Marriage of Freeman, 169 Wn.2d 664, 671, 239 P.3d 557 (2010).

an order for protection or declines to renew an order for protection, the court shall state in writing on the order the particular reasons for the court's denial."

Here, in its final order and in its amended findings, the trial court stated that it would sign and file a renewed and modified protection order. But, the trial court did not do so. And, the trial court did not state a reason for denying the motion to reconsider the protection order.

We accept Fegel's trial court concession.[3] And, we accept Kessler's request for remand to modify the protection order because Fegel did not file a response and has not provided any authority contrary to the persuasive authority cited by Kessler. We remand with instructions, consistent with the trial court's findings, to issue a 20-year protection order and to modify the protection order.

Permanent Restraining Order

Kessler asserts the trial court should have issued a permanent restraining order rather than one that expires in 2039. In Fegel's response to Kessler's request for reconsideration, Fegel conceded "the restraining order should be a permanent restraining order."

In its findings, the trial court determined "There is good cause to enter a permanent restraining order protecting Sarah Kesslerfrom David Fegel." The court also determined that "Fegel had reasonable notice and an opportunity to be heard, was present at the hearing, and had actual notice of the hearing." But, for

---

[3] Because we accept her assertion that the court failed to issue a 20-year protection order, we need not address Kessler's assertion that the renewal of a protection order is mandatory when a court finds the respondent cannot prove by a preponderance of evidence that they will not resume acts of domestic violence when the order expires.

reasons not disclosed in the record, it issued a restraining order that expires in 20 years.

Because Fegel concedes the restraining order should be permanent and has not responded to Kessler's appeal, and because the court's findings sufficiently support a permanent restraining order, we remand with instructions to issue a permanent restraining order.

<u>Fegel's Appeal</u>

On February 11, 2019, Fegel responded to Kessler's motion for reconsideration by stating "Petitioner takes issue with the Court's issuance of a restraining order and a protection order in this matter. However, those arguments are saved for a different form."  Then, on April 3, 2019, Fegel filed a notice of appeal.  This court extended time for Fegel to file a brief to support his appeal.  But, Fegel failed to do so.  On August 9, 2019, Fegel asked this court to dismiss his earlier cross-appeal which this court did.  And, Fegel did not file a response to Kessler's appeal, in which she asserts that Fegel's appeal should be dismissed as abandoned under RAP 18.9(c)(1).

RAP 18.9(c)(1) provides this court with discretion to dismiss review of a case "for want of prosecution if the party seeking review has abandoned the review." Because Fegel has not filed a brief in his appeal or a response to Kessler's appeal, and he asked this court to dismiss his cross-appeal, we conclude that Fegel has abandoned his appeal.  So, we dismiss Fegel's appeal.

CONCLUSION

Consistent with the trial court's findings, we remand for the trial court to renew and modify the protection order and to issue a permanent restraining order. And, we dismiss Fegel's appeal.

_Leach, J._

WE CONCUR: